LANNING v. SEATON, SHERIFF.

1. **Husband and Wife**: OWNERSHIP OF PROPERTY: EVIDENCE. Action by a wife to recover personal property seized by the defendant on execution against the husband. She claimed part of the property as the produce of a farm which she held under a deed from her husband, and part of it under a bill of sale from him. But in a former action between these same parties the deed and bill of sale had been decreed to be mortgages, but had not been set aside, and, as mortgages, the trial court was warranted in finding in this case that they had not been paid. *Held* that the judgment for plaintiff could not be reversed.

*Appeal from Linn Circuit Court.*

SATURDAY, DECEMBER 19.

ACTION to recover specific personal property. Trial by the court, and judgment for the plaintiff. The defendant appeals.

*J. T. Stoneman* and *Rickel & Bull*, for appellant.

*Thompson & Lanning*, for appellee.

SEEVERS, J.—The property in controversy consists of five calves, and certain oats, hay, corn, etc. The plaintiff claims to own the grain, hay, etc., because it is her property, and was grown on her land. The defendant levied on the property by virtue of an execution in favor of one Stamey against M. A. Lanning, who is the plaintiff's husband. The defendant denied that plaintiff was the owner of the property, and pleaded that the only interest she had therein was obtained under a chattel mortgage, and under a certain conveyance, or mortgage, of the land on which the crops were raised, executed in 1880 by the plaintiff's husband; that the conveyance of the real estate purported on its face to be absolute, but that it was in fact a mortgage, and that the same had been fully paid by the rents and profits of the land. It is further pleaded that an execution was issued on a judgment in favor of Stamey,

against Lanning, and thereunder the land was sold and purchased by the plaintiff, but that she did not become entitled to the rents and profits of said land until September, 1883; and that the plaintiff's mortgage lien on the real estate was extinguished by a decree in the case of *Stamey v. Lanning.* We have set out fully the substance of the pleadings in order to ascertain the issues.

I.   It will be observed that the defendant sets up that the plaintiff is not entitled to the crops grown on the real estate because she did not own the land, but was a mortgagee thereof only, and that her mortgage had been paid by the rents and profits of the land. If the plaintiff owned the land, she was entitled to the crops grown thereon. If she was a mortgagee only, the defendant pleaded that the mortgage had been paid. The evidence shows that in 1880 the plaintiff's husband conveyed the land to her by a deed which was absolute on its face. As between the plaintiff and her husband, the court was fully warranted, under the evidence, in finding that the crops grown thereon belonged to her. The evidence is such that we would not be justified in setting aside such finding. Ordinarily, in the absence of fraud, a creditor can only take under an execution such title and interest as his debtor has in his property. It will be observed that fraud is not pleaded. There is no such issue. But the defendant introduced in evidence a decree in a former action between these same parties, in which it was decreed that the conveyance of the real estate, as between the plaintiff and the creditors and her husband, was, in fact, a mortgage. It was, however, decreed that the plaintiff had the prior lien on the premises. That is to say, it was decreed that the creditor Stamey had the right to subject the real estate to the payment of his debt against the plaintiff's husband; but the plaintiff was required to be first paid. The conveyance, however, to the plaintiff, from her husband, was not set aside, but as between them remained in full force and effect. The crops raised thereon did not necessarily, or as a

.matter of law, become the property of the plaintiff's husband, and, under the evidence, as we have said, the court was warranted in finding that said crops belonged to and were the property of the plaintiff. The court was also warranted in finding that the mortgage, conceding it to have been one, had not been paid.

II. The calves were the offspring of certain cows sold the plaintiff by her husband by a bill of sale absolute on its face; but it is said that such bill of sale has been found and decreed to be a mortgage. Waiving the question whether the mortgagor of personal property has such an interest therein as can be levied on under an execution, we are unable to say that the court was not justified in finding that the mortgage had not been paid.

AFFIRMED.